**FILED**
**U.S. District Court**
**District of Kansas**
06/16/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SEAN SUTTINGTON,

                    **Petitioner,**

     v.                                              **CASE NO. 26-3121-JWL**

DANIEL SOPTIC,

                    **Respondent.**

### <u>MEMORANDUM AND ORDER</u>

When Petitioner Sean Suttington filed the pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 that began this case, he was in custody at the Wyandotte County Detention Center in Kansas City, Kansas. (Doc. 1.) Upon receipt of the petition, the Court immediately issued a notice of deficiency ("NOD)" directing Petitioner to resubmit the petition on the provided required form and to either pay the filing fee or submit a motion for leave to proceed in forma pauperis. (Doc. 2.) The NOD granted Petitioner until June 10, 2026 to do so and expressly warned that if Petitioner "fail[ed] to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1. The NOD was mailed to Petitioner at his address of record—the Wyandotte County Detention Center—on May 11, 2026, the same day the Court received the petition.

Two days later, the Court received from Petitioner a petition for writ of habeas corpus on the required, court-approved form. (Doc. 3.) Although the petition was executed and mailed before the NOD issued, *see id.* at 15, it nevertheless satisfied the NOD's requirement that the petition be submitted on the required form. (Doc. 4.) But the June 10, 2026 deadline has now passed and

1

Petitioner has neither paid the filing fee nor filed a motion for leave to proceed in forma pauperis, as also required by the NOD.[1]

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Based on Petitioner's failure to fully comply with the Court's NOD, the Court will dismiss this matter without prejudice under Rule 41(b).

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** under Rule 41(b). No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 16th day of June, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

---

[1] The Court further notes that on May 26, 2026, the envelope containing the NOD was returned by mail, marked "Left Facility[.] Return to Sender[.]" (Doc. 4.) Thus, it appears that Petitioner has failed to comply with Local Rule 5.1(b)(3), which requires a pro se party to "notify the clerk of any change of address or telephone number."